GREMILLION, J.,
concurs.
hi write separately because I find that the majority opinion does not adequately address the facts leading to the trial court’s dismissal, nor does it address what the trial court should have done to properly deal with those facts.
Louisiana Code of Civil Procedure article 221 defines a “contempt of court” as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” That article also tells us that there are two kinds of contempt of court: direct and constructive.
The critical event in this matter was the November 12, 2014 trial. That trial date was agreed upon by all the parties. It was affirmed and reaffirmed by way of email exchanges among all the parties. Thereafter, the court formalized the date by both mailing and emailing notice to all the parties. Even after that, the court sent additional notices to the parties referencing the November 12,2014 trial date.
On November 7, 2014, counsel for Curtis Parker, Sr., filed a Motion to Continue the trial, pledging to the court that he was required to be in another room in the same courthouse regarding a matter that had been fixed prior to the trial in this matter. The trial court, however, determined that this assertion on the part of counsel was false. Therefore, the trial court denied counsel’s Motion to continue 12the trial, and sent yet another notice thereby nailing down the November 12, 2014 trial date.
The trial court’s “per curiam” indicates that on the morning of trial, counsel, Mr. Wilford Carter, sat idly in another courtroom in the same building and refused to even make an appearance in this courtroom, even when expressly ordered to do so by the trial court, and even when a bailiff instructed Mr. Carter that his client’s matter was going to proceed with or without him.
Mr. Carter was clearly in contempt of court. He clearly interfered with the orderly administration of justice, and his actions were calculated to impair the dignity of the court and show disdain, rather than respect, for its authority.
*781 Louisiana Revised Statute 13:4611 lays out the punishment for contempt of court. For an attorney at law such as Mr. Carter, he could have been fined up to $100 or imprisoned for up to 24 hours. This is the punishment that should have been meted out to him. His client’s case should not have been dismissed.
To utterly refuse to even enter the courtroom while his client’s trial is being conducted is unconscionable. To refuse to enter that courtroom to spite the trial judge is contemptible.